Fourth Appellate Department, July, 1902. Reported. 75 App. Div. 609.

In the Matter of the Application of HERMAN K. BLANCHARD, et al.
Respondents, for an Order Revoking the Liquor Tax Certificate
of JOHN SWEENEY, Appellant.

*P. F. King,* for appellant.

The premises having been used for the sale of liquors on March
23, 1896, no consents were necessary. Abandonment for such
use will not be presumed, unless intent of owner is clearly estab-
lished. (*Matter of Hawkins,* 165 N. Y. 188.) Suspension from
June, 1896, to October 1897, was temporary, and enforced against
the will of the landlord and tenant. (*People ex rel. Sweeney* v.
*Lammerts,* 18 Misc. 341; *Matter of Loper,* 53 App. Div. 576;
*Matter of Moulton,* 59 App. Div. 25.) Premises have been used
continuously within the meaning of the statute. (Matter of
*Kessler,* 163 N. Y. 205.)

*T. A. Devereux,* for respondent.

The sale of liquor was abandoned in 1896, as held in the certio-
rari proceeding. (*People ex rel. Sweeney* v. *Lammerts,* 18 Misc.
341, affd. by App. Div.), and is now binding on the defendant.
(*Matter of R. R. Co.,* 19 Hun, 314; *Freer* v. *Stotenbur,* 2 Abb. Dec.
189; *Castle* v. *Noyes,* 14 N. Y. 329; *Embury* v. *Conner,* 3 N. Y.
511.) From 1896 to 1898, the barroom, fully equipped, was
vacant, but the rest of the former hotel and saloon building was
used as a dwelling. The abandonment is clearly proved.
(*Matter of Kessler,* 163 N. Y. 203; *Matter of Hawkins,* 165 N. Y.
188; *Matter of Lyman,* 34 App. Div. 389; *Matter of Lyman,* 29
App. Div. 390; *Matter of Flanagan,* 49 App. Div. 99.)

Consents were necessary, and those filed July 18, 1898, were
insufficient. (*Matter of Tonatio,* 49 App. Div. 84; *Matter of
Lyman,* 34 Misc. 296; *Matter of Lyman,* 24 Misc. 552; *Matter of
McVicker,* 21 Misc. 383; *Matter of Vail,* 38 Misc. 392; *Matter of
Sherry,* 25 Misc. 361; *Matter of Lyman,* 33 Misc. 349.)

Order affirmed with ten dollars costs and disbursements.

All concurred.